David B. Cotner (Bar ID #2386)
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main, Suite 201
Missoula, MT 59802
Voice: 406-728-0810
Fax: 406-543-0134
*dcotner@dmllaw.com*

Bradley R. Duncan
Hugh R. McCullough
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Voice: 206-622-3150
Fax: 206-757-7700
*bradleyduncan@dwt.com*
*hughmccullough@dwt.com*

*Attorneys for Richard J. Samson, as Trustee
for the Chapter 7 Estate of Edra D. Blixseth*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| In re<br><br>EDRA D. BLIXSETH,<br><br>　　　　　　　　　　Debtor. | Case No. CV-11-57-BU-RFC |
| RICHARD J. SAMSON, as Trustee,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ARCHER CAPITAL FUND, L.P. and ARCHER CAPITAL MANAGEMENT, L.P.,<br><br>　　　　　　　　　　Defendants. | **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE**<br><br>Bankruptcy Case No. 09-60452<br><br>Adversary No. 11-00031 |

Plaintiff, Richard J. Samson, as Trustee for the Chapter 7 Bankruptcy Estate of Edra D. Blixseth ("Samson"), submits this Brief in Support of his Motion to Withdraw the Reference of this adversary action.

As a result of the U.S. Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594, 2604 (June 23, 2011), the Bankruptcy Court recently concluded, in a related adversary proceeding [*Samson v. Blixseth* (*In re Blixseth*), Adversary No. 10-88] that it lacks constitutional jurisdiction to hear and determine certain fraudulent transfer claims brought under state and federal law. *See* Case No. 10-88, ECF No. 55 at 17–22 (Bankr. D. Mont. Aug. 1, 2011). Although the claims at issue in this Adversary Proceeding are potentially distinguishable insofar as one of the defendants in this case has filed a proof of claim, it does not appear that this distinction is meaningful in light of the reasoning of *Stern v. Marshall*. *See Stern v. Marshall*, 131 S.Ct. at 2604 ("[a]s an initial matter, it is hard to see why Pierce's decision to file a claim should make any difference with respect to the characterization of Vickie's counterclaim.").

If the Bankruptcy Court lacks constitutional authority to hear the fraudulent transfer claims (which constitute the bulk of the issues involved in this Adversary Proceeding), then this Court should assume control over the Adversary Proceeding. By withdrawing the reference, this Court can supervise the proceeding and issue a binding judgment that would not be subject to question.

The Court should withdraw the reference with respect to the entire Adversary Proceeding and not just with respect to the claims that the Bankruptcy Court may not constitutionally hear. It would impose significant additional costs on the judicial system to keep some of the causes of action in the Bankruptcy Court while trying the fraudulent transfer and state law claims here in this Court. The fraudulent transfer and state law claims lie at the heart of the case and are not easily severed from the other causes of action.

Withdrawing the reference will not unduly delay matters in the Adversary Proceeding or result in a waste of judicial resources. The case is in its earliest stages. The Bankruptcy Court has not yet set a case schedule and there has been no pre-trial motion practice. This Court will not be required to duplicate any efforts of the Bankruptcy Court.

Samson regrets that a withdrawal of the reference appears necessary. The Bankruptcy Court's deep familiarity with the affairs of Ms. Blixseth is irreplaceable. If not for the constitutional and statutory disability identified by the Bankruptcy Court, Samson believes the Adversary Proceeding could and should have been handled by the Bankruptcy Court.

DATED this 23rd day of September, 2011.

> Respectfully submitted,
>
> By: /s/ David B. Cotner
> David B. Cotner
> Bradley R. Duncan
> Hugh R. McCullough
> *Attorneys for Richard J. Samson,
> Chapter 7 Trustee for Edra D.
> Blixseth*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23rd, 2011, a copy of the foregoing document was served on the following persons by the following means:

|  |  |
|---|---|
| __1__ | CM/ECF |
|  | Hand Delivery |
| __2, 3__ | Mail |
|  | Overnight Delivery Service |
|  | Fax |
| __2, 3__ | E-Mail |

1. Clerk, U.S. District Court

2. Doug James
   Brian Marty
   Moulton Bellingham PC
   Suite 1900, Crowne Plaza
   Billings, MT 59103
   E-Mail:  doug.james@moultonbellingham.com
            brian. marty@moultonbellingham.com

3. Scott Williams
   Joel Bailey
   Akin Gump Strauss Hauer & Feld LLP
   1700 Pacific Avenue, Suite 4100
   Dallas, TX 75201
   E-Mail:  swilliams@akingump.com
            jbailey@akingump.com

By: /s/ David B. Cotner
    David B. Cotner
    Bradley R. Duncan
    Hugh R. McCullough
       *Attorneys for Richard J. Samson,*
       *Chapter 7 Trustee for Edra D.*
       *Blixseth*